UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA (UAW), AFL-CIO AND
UAW LOCAL 6000, *et al.*,                          Case No. 20-12433

       Plaintiffs,                                    Hon. George Caram Steeh

  v.

JANET MCCLELLAND, *et al.*,

       Defendants.
_____/

OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 2)

Before the court is Plaintiffs' motion for preliminary injunction. The court heard oral argument on September 29, 2020, and took the matter under advisement. For the reasons explained below, Plaintiffs' motion is denied.

BACKGROUND FACTS

Plaintiffs are several public employee unions ("Unions") representing approximately 32,000 Michigan civil service employees. Union members maintain their membership in good standing by paying their dues and are able to do so through payroll deductions. The state, as employer, deducts

union dues from the employees' wages and remits them to the Unions. The Unions' collective bargaining agreements provide for this arrangement, and the state makes a dues deduction so long as it has an authorization to do so from the employee. An employee may revoke his authorization at any time.

On July 13, 2020, the Michigan Civil Service Commission voted to institute a new rule regarding dues authorizations. Previously, an employee's authorization to deduct union dues from his wages continued until revoked. The new rule, Rule 6-7.2, provides that an employee's authorization must be renewed on a yearly basis: "An authorization will expire at the start of the first full pay period each fiscal year unless it was authorized or reauthorized during the previous fiscal year." *Id*. Under this rule, authorizations will expire on October 4, 2020, if not renewed during the prior year. The Unions argue that this rule burdens their ability to collect dues and their members' ability to keep their memberships current, particularly in light of the challenges posed by contacting members and renewing authorizations during the COVID-19 pandemic.

The Unions filed this action against the individual Civil Service Commission members, in their official capacities, to challenge the constitutionality of Rule 6-7.2 pursuant to 42 U.S.C. § 1983. They allege

that the new rule violates the Contracts Clause (Count I) and the First Amendment (Count II), and they seek declaratory and injunctive relief.

LAW AND ANALYSIS

I. <u>Standard of Review</u>

In ruling on a motion for preliminary injunction, the court considers four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citation omitted). These are "factors to be balanced, not prerequisites that must be met." *Id.; see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When a plaintiff asserts a constitutional violation, "the likelihood of success on the merits often will be the determinative factor," because "[w]hen constitutional rights are threatened for impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012).

II. <u>Amicus Brief</u>

The Mackinac Center Legal Foundation and the National Right to Work Legal Defense Foundation have requested leave to file an amicus brief, a decision that is within the sound discretion of the court, "depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991). Finding the amici's contribution to be timely and helpful, and hearing no objection from the parties, the court will grant leave to file the amicus brief.

III. <u>Contracts Clause Claim</u>

The Unions allege that Rule 6-7.2 impairs their collective bargaining agreements, in violation of the Contracts Clause, which provides that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const. art. I § 10. The Contracts Clause "prohibits a State from imposing 'a substantial impairment' on a 'contractual relationship,' unless that impairment amounts to a 'reasonable' and 'appropriate' means of achieving 'a significant and legitimate public purpose.'" *Michigan State AFL-CIO v. Schuette*, 847 F.3d 800, 804 (6th Cir. 2017) (citing *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244-45 (1978); *Energy*

*Reserves Grp., Inc. v. Kan. Power & Light Co.*, 459 U.S. 400, 411-12 (1983)).

The Unions' collective bargaining agreements each contain similar provisions regarding the payment of dues. For example, the UAW Local 6000 agreement provides as follows:

> To the extent permitted by the Rules of the Michigan Civil Service Commission and Regulations of the Civil Service Commission, it is agreed that:
>
> Upon receipt of an authorization from any of its employees covered by the Agreement, currently being provided by the Union and approved by the Civil Service Commission, the Employer will deduct from the pay due such employees those dues and initiation fees required to maintain the employee's membership in the Union in good standing.

ECF No. 2-6. The agreements contain other provisions related to the continuation or termination of dues deductions; for example, dues deductions continue if an employee is transferred within a bargaining unit. *Id.* The agreements do not provide for the expiration or renewal of authorizations.

The parties dispute whether the new rule regarding yearly authorizations substantially impairs the collective bargaining agreements. Before the court considers the merits, however, it must determine whether a Contracts Clause claim is cognizable under § 1983. *Kaminski v. Coulter*,

865 F.3d 339 (6th Cir. 2017). The Sixth Circuit has answered that question in the negative.

In *Kaminski*, the court considered a Contracts Clause challenge to the modification of a collective bargaining agreement: a state-appointed emergency manager modified a municipal collective bargaining agreement to replace retirees' health coverage with a monthly stipend. The retirees sued under 42 U.S.C. § 1983, alleging violations of constitutional rights secured by the Contracts, Takings, and Due Process clauses. In analyzing the Contracts Clause claim, the court first considered whether such a claim may be brought at all, because "there is considerable debate over whether the Contracts Clause amounts to a 'right, privilege, or immunity' secured by the Constitution that is enforceable by § 1983." *Kaminski*, 865 F.3d at 345.

The court briefly reviewed the history of § 1983, noting that "the Supreme Court has never definitively held that an alleged Contracts Clause violation is cognizable as a § 1983 claim." *Id.* at 346. In *Carter v. Greenhow*, 114 U.S. 317 (1885), the Supreme Court considered a potential Contracts Clause claim brought pursuant to § 1983's substantially identical predecessor statute, Revised Statute 1979.

> The Court noted that the Contracts Clause, "so far as it can be said to confer upon or secure to any person any individual rights, does so *only indirectly and incidentally*." The remedy is not a private cause of action against the

- 6 -

> state official responsible for the contractual impairment, but rather "a right to have a judicial determination declaring the nullity of the attempt to impair its obligation" in a suit "to vindicate his rights under a contract." Thus, an alleged Contracts Clause violation "does not show a cause of action" within the terms of Revised Statute 1979.

*Kaminski*, 865 F.3d at 346 (quoting *Carter*, 114 U.S. at 321-22) (emphasis in original). Although acknowledging some "uncertainty" regarding whether *Carter* "retains much precedential force," the Sixth Circuit concluded that it "has never been overruled" and should be read to preclude a cause of action under § 1983 based upon the Contracts Clause. *Id.* at 346-47. In this regard, the Sixth Circuit joined the Fourth Circuit in holding that "an alleged Contracts Clause violation cannot give rise to a cause of action under § 1983." *Id.* at 347; *accord Crosby v. City of Gastonia*, 635 F.3d 634, 641 (4th Cir. 2011). The Ninth Circuit has come to the opposite conclusion, resulting in a circuit split. *See S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885 (9th Cir. 2003).

Regardless, this court is bound by *Kaminski*.[1] Plaintiffs attempt to avoid the import of *Kaminski* by arguing that the court has inherent

---

[1] In *Michigan State AFL-CIO v. Schuette*, 847 F.3d 800, 804 (6th Cir. 2017), the Sixth Circuit held that a Michigan law prohibiting the administration of payroll deduction programs for union political action committees impaired collective bargaining agreements and violated the Contracts Clause. *Schuette* was decided several months before *Kaminski* and did not consider whether a claim for a Contracts Clause violation could be brought pursuant to § 1983. *Kaminski* addressed the issue as a matter of first impression.

authority in equity to issue a declaratory judgment that the state has violated the Contracts Clause, or an injunction to halt the violation. Plaintiffs cite to *Ex parte Young*, 209 U.S. 123 (1908), which held that the Eleventh Amendment does not preclude federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law. *Young* does not create a substantive claim, however; it creates an exception to Eleventh Amendment immunity. "*Ex parte Young* by itself does not create . . . a cause of action. Put another way, *Ex parte Young* provides a path around sovereign immunity *if* the plaintiff already has a cause of action from somewhere else." *Michigan Corr. Org. v. Michigan Dep't of Corr.*, 774 F.3d 895, 905 (6th Cir. 2014) (emphasis in original). The Sixth Circuit has also rejected the argument that the court has equitable authority to issue declaratory or injunctive relief in the absence of an underlying substantive cause of action. *Id.* "This follows from the longstanding notion that courts of equity cannot 'create a remedy in violation of law, or even without the authority of law.'" *Id.* (citation omitted).

By focusing on the remedy rather than the cause of action, Plaintiffs put the cart before the horse. Plaintiffs cannot remedy a Contracts Clause violation – by injunctive relief or otherwise – if they cannot state a viable cause of action under § 1983. Plaintiffs' recourse for an alleged contractual

impairment is to seek enforcement of the collective bargaining agreements, not a constitutional claim under § 1983. *Kaminski*, 865 F.3d at 349. In light of *Kaminski*, the court concludes that Plaintiffs are unlikely to succeed on the merits of their Contracts Clause claim.

IV.　First Amendment Claim

Plaintiffs argue that Rule 6-7.2 violates their First Amendment rights of free speech and association. This claim is also foreclosed by Sixth Circuit and Supreme Court precedent. *See Bailey v. Callaghan*, 715 F.3d 956, 958 (6th Cir. 2013). In *Bailey*, the plaintiff unions and members challenged a Michigan law that prohibited public school employers from collecting dues for unions through payroll deductions, alleging that it infringed on their First Amendment rights. Relying on *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 355 (2009), the Sixth Circuit held that a law prohibiting payroll deductions does not implicate First Amendment rights. "The First Amendment prohibits government from 'abridging the freedom of speech'; it does not confer an affirmative right to use government payroll mechanisms for the purpose of obtaining funds for expression." *Bailey*, 715 F.3d at 958 (quoting *Ysursa*, 555 U.S. at 355); *see also Schuette*, 847 F.3d at 805-806 ("[U]nions do not have an independent constitutional right to 'compel their employer to assist them in exercising their First Amendment

- 9 -

rights.'"); *Toledo Area AFL-CIO Council v. Pizza*, 154 F.3d 307, 319 (6th Cir. 1998).

Plaintiffs attempt to distinguish *Bailey* by suggesting that it dealt only with the First Amendment rights of unions, not members, and the instant case implicates union members' ability to keep their memberships current. The first named plaintiff in *Bailey* was a union member, however; the case was brought by both unions and members. Moreover, Plaintiffs do not explain why the distinction matters in this context; that is, why union members would have a First Amendment right to pay dues through payroll deduction, when the unions do not have a First Amendment right to collect dues in the same manner. Plaintiffs' attempt to distinguish *Bailey* is unavailing. *See also Pizza*, 154 F.3d at 319 (state's refusal to continue to administer wage checkoffs for political causes did not infringe First Amendment rights of employees or unions).

If the state may completely prohibit payroll deductions for union dues without running afoul of the First Amendment, it follows that a yearly reauthorization requirement for payroll deductions also does not implicate the First Amendment. *See Ysursa*, 555 U.S. at 359 ("[T]he State is not constitutionally obligated to provide payroll deductions at all."); *Schuette*, 847 F.3d at 806 ("Absent a burden on a constitutionally cognizable right,

the government may regulate what is at best a speech-facilitating mechanism."). Accordingly, Plaintiffs are unlikely to prevail on the merits of their First Amendment claim.[2]

V.  Irreparable Harm

Further, the court observes that Plaintiffs have not otherwise made a showing of irreparable harm. Rule 6-7.2 provides that union members must renew their dues authorizations every fiscal year. The Commission has sent several reminder emails to employees, with instructions on how to renew their authorizations. ECF No. 16-2 at PageID 428-29. As of the date of the hearing, 82% of members renewed their authorizations. The Commission plans to send additional email reminders on October 1 and October 8, 2020. *Id.* Employees whose authorizations expire on October 4, 2020, may submit a renewal at any time.

Union members may renew their authorizations online, including on a mobile platform, or by phone. The state avers that the process takes under a minute to complete online. ECF No. 16-5 at PageID 439. Plaintiffs contend that the renewal process is not as smooth as the state represents, with members experiencing difficulty accessing the online system due to

---

[2] "Given that the State has not infringed the unions' First Amendment rights, the State need only demonstrate a rational basis to justify" its action. *Ysursa*, 555 U.S. at 359. Although Plaintiffs have alleged that the new rule cannot survive strict or intermediate scrutiny, they have not argued that the rule would fail a rational basis test.

compatibility issues and system downtime, and allegedly long waits for call center assistance.

Accepting the Unions' concerns about logistical issues and the inconvenience to members, the court does not discern the process to be so burdensome as to rise to the level of irreparable harm, particularly in light of the fact that members may renew their authorizations at any time.

## CONCLUSION

Plaintiffs have neither demonstrated a likelihood of success on the merits nor irreparable harm, rendering the extraordinary remedy of injunctive relief inappropriate. Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for injunctive relief (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that the Mackinac Center Legal Foundation and the National Right to Work Legal Defense Foundation, Inc.'s motion for leave to file an amicus brief (ECF No. 13) is GRANTED.

Dated:   October 1, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 1, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk